UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
MAY 06 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-177-GWU

DEANNA YOUNG,                                      PLAINTIFF,

VS.              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

\* \* \* \* \* \* \* \*

The plaintiff appeals an administrative decision to terminate Disability Insurance Benefits (DIB) and Social Security Income (SSI) benefits originally awarded in 1994. The case is currently before the Court on cross-motions for summary judgment.

**STANDARDS APPLICABLE TO TERMINATION DECISIONS**

When the issue is the termination of benefits, the regulations establish the following eight-step test:

1. Is the beneficiary engaging in substantial gainful activity? If so, then the disability will be found to have ended. See 20 C.F.R. Section 404.1594(f)(1).

2. Provided the beneficiary is not engaged in substantial gainful activity, does the beneficiary have an impairment or combination of impairments which meet or equal the severity of impairments in the Listing? If so, then the disability must be found to continue. See 20 C.F.R. Section 404.1594(f)(2).

1

Young

3. If the beneficiary does not equal a listing, then the question is whether there has been medical improvement (any decrease in the medical severity of one's impairments, as per 20 C.F.R. 404.1594(b)(1)).

4. Provided medical improvement has occurred, then the question is whether this has produced an increase in the residual functional capacity. If the improvement is not related to the ability to perform work activities, then one proceeds to step 5. If the improvement is related work ability, then one proceeds to step 6. See 20 C.F.R. Section 404.1594(f)(4).

5. Provided there has been no medical improvement or the improvement is not related to work ability, then one must decide whether an exception to the medical improvement standard will apply. If not, then a finding of continuing disability should be made. See 20 C.F.R. Section 404.1594(f)(5).

6. If the medical improvement is found to be related to work ability or if an exception to the medical improvement standard applies, then one considers whether the current impairments in combination are severe. If so, then one proceeds to step 7; if not, the beneficiary is no longer considered disabled. See 20 C.F.R. Section 404.1594(f)(6).

7. If the impairments are found to be severe, then one must assess the beneficiary's ability to engage in substantial gainful activity in accordance with 20 C.F.R. Sec. 404.1561. If found capable of performing past relevant work, then the disability will be found to have ended. Otherwise, one proceeds to step 8. See 20 C.F.R. Section 404.1594(f) (7).

8. Provided the beneficiary cannot perform past relevant work, then one must assess the residual functional capacity and considering the age, education, and past work experience, determine whether other work can be performed. If so, then the beneficiary is no longer disabled. Otherwise, a finding of continuing disability should be made. See 20 C.F.R. Section 404.1594(f)(8).

The standard for judicial review is whether there is substantial evidence to

support the Secretary's decision that the plaintiff's condition has improved to the extent that he can perform substantial gainful activity. Casiano, Jr. v. Heckler, 746 F. 2d 1144 (6th Cir. 1984). The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions. Id. at 1148.

## DISCUSSION

According to the administrative law judge (ALJ), Young (who had originally been found disabled in 1994) suffered from "severe" anxiety, mitral valve prolapse and heart palpitations. (Tr. 17). Nevertheless, he believed that she became capable of performing significant numbers of medium, light and sedentary jobs as of July, 2001. (Tr. 18). Thus, benefits were properly terminated, according to him.

In any termination case, the core issue relates to "medical improvement," which necessarily involves some inquiry into the basis for the award. However, the present record contains no 1994 award decision or Determination Rationale form from the original award time frame. Neither are any of the original mental health and medical exhibits in the present record (Tr. 1-3), despite the fact that the Disability Hearing Officer obviously had seen and analyzed such old records (Tr. 51). The Hearing Officer's analysis was incorporated by reference into the present ALJ's decision (Tr. 15) <u>without</u> the corresponding mental health exhibits. The ALJ himself made no reference to any specific old exhibit and, to the extent he failed to

3

Young

make certain they were introduced into the record, he failed to properly develop the record involving an unrepresented claimant faced with termination of her benefits. (Tr. 312).

The case will be remanded for further consideration.

This the ___6___ day of May, 2005.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

4